# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| Michael Dewayne Anderson, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CA 13-00363-CG-N |
| | ) | |
| Willie Thomas, Warden, et al., | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

On July 11, 2013,[1] Michael Dewayne Anderson, a state prisoner presently incarcerated at Bibb County Correctional Facility, filed a motion seeking this Court's permission to file what he deems to be a second 28 U.S.C. § 2254 habeas corpus petition (Doc. 1) pursuant to 28 U.S.C. § 2244 (*see* Doc. 2).[2] This matter has been referred to the undersigned United States Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 8(b) of the Rule Governing Section 2254 Cases, and Local Rule 72.2(c)(4). And it is **RECOMMENDED** that the motion seeking permission to file a successive petition for writ of habeas corpus be **DENIED**; that the successive habeas corpus petition be

---

[1] "Under the mailbox rule for prisoners, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Absent contrary evidence, [a court in this Circuit] will assume that a prisoner's filing was delivered to prison authorities the day he signed it." *Fuller v. Terry*, 381 Fed. App'x 907, 908 (11th Cir. June 3, 2010) (per curiam) (citations and quotations marked omitted).

[2] Anderson has also filed, as required by Rule 3(a)(2) of the Rules Governing Section 2254 Cases, a motion to proceed *in forma pauperis* (Doc. 3). Because the undersigned recommends that the Court deny Anderson's attempt to file this successive petition, his IFP motion is **DENIED as MOOT**.

**DISMISSED with PREJUDICE** for lack of jurisdiction, due to Anderson's failure to comply with 28 U.S.C. § 2244(b)(3)(A); and that the Court find that he is not entitled to a certificate of appealability and is therefore not entitled to appeal *in forma pauperis*.

I. **Background**

On February 19, 1997, a jury found Anderson guilty of murder under Ala. Code § 13A-6-2. (*See Anderson v. Jones*, CA 00-00207-RV-S, Doc. 47 at 2 (citations omitted).) On March 5, 1997, the Mobile County Circuit Court sentenced Anderson to life in prison as a habitual offender. (*See id.* (citations omitted).) From the day he was sentenced, on which he gave oral notice of appeal of his conviction to the Alabama Court of Criminal Appeals, through at least May 2000, Anderson pursued appeals in the state courts (*see id.* at 2-5 (noting that, while the Court of Criminal Appeals affirmed the circuit court's denial of Anderson's second Rule 32 petition on May 19, 2000, it was unclear from the record then before this Court whether Anderson sought discretionary review by the Alabama Supreme Court)).

On March 8, 2000, while his second Rule 32 petition was pending in the Court of Criminal Appeals, he filed a § 2254 petition in this Court (*see id.* at 5), asserting a laundry list of federal constitutional claims (*see, e.g., id.* at 5-7). On April 12, 2002, then-Magistrate Judge Steele recommended that his habeas petition be denied. (*See generally id.*) And, on February 7, 2003, over Anderson's objections (*see* CA 00-00207-RV-S, Doc. 48), Judge Granade adopted the report and recommendation and entered judgment denying Anderson's writ of habeas corpus (CA 00-00207-RV-S, Docs. 53, 54). This Court and the Eleventh Circuit also denied

Anderson certificates of appealability. (*See* CA 00-00207-RV-S, Docs. 60, 61.)

From Anderson's memorandum in support of his current § 2254 petition (Doc. 1 at 13-23), the undersigned has gleaned that Anderson began collaterally attacking his conviction in state court in September 2010, pursuing these efforts through June 2012, when, according to Anderson, the Alabama Supreme Court denied his writ of certiorari (*see id.* at 15). In this regard, the January 27, 2012 Order of the Court of Criminal Appeals, remanding Anderson's Rule 32 petition to the circuit court for a hearing on his claim that the trial court lacked jurisdiction because Anderson was deprived of his right to be present with his counsel at his arraignment (Doc. 2-1), is telling. Therein, the court states, "[i]f the [circuit] court determines that Anderson's claim is meritless, ***because this is Anderson's eleventh petition, we encourage the circuit court to consider adopting sanctions . . . to prevent future frivolous litigation on the part of Anderson and other similarly situated inmates***." (*Id.* at 3 (emphasis added).)

## II.   This Successive Petition

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Jackson v. Secretary for the Dep't of Corrs.,* 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this

3

case."). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4. And a successive habeas petition filed in this Court before its proponent moves for an order, in the Eleventh Circuit, authorizing the district court to consider his petition, such as Anderson's, may undoubtedly be dispatched pursuant to Rule 4 and without a response from the State. *See generally, e.g., Kennedy v. Mobile Circuit Court*, No. CA 13–0161–CG–C, 2013 WL 1707893 (S.D. Ala. Apr. 9, 2013), *report and recommendation adopted*, 2013 WL 1707887 (S.D. Ala. Apr. 19, 2013).

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999) (quoting 28 U.S.C. § 2244(b)(3)(A)). "[T]he petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005) (citations omitted); *see also Tompkins v. Secretary, Dep't of Corrs.,* 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack

4

of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *cert. denied sub nom. Tompkins v. McNeil,* 555 U.S. 1161 (2009).

Anderson's knowledge of the foregoing legal premise appears to be evident by his filing of a motion for permission to file a second or successive petition (Doc. 3), *yet* there is nothing to indicate that Anderson filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this petition. *See, e.g., Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) ("[The movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it."). Because Anderson has not applied to the Eleventh Circuit Court of Appeals for permission to file this his second federal habeas petition, nor been granted leave of that court to file another habeas corpus petition, this Court lacks jurisdiction to consider Anderson's petition, *compare id.* ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."), *with Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition."). Accordingly, this cause is due to be dismissed, with prejudice, for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). *Compare Tompkins,* 557 F.3d at 1259 ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the

district court to consider it."), *with United States v. Holt,* 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *and Simmons v. Cummins,* No. 2:10-CV-28-ID, 2010 WL 582091, at *2 (M.D. Ala. Jan. 15, 2010) ("It is clear from the pleadings filed herein that Simmons has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. 'Because this undertaking [is Simmons'] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief.'" (quoting *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933 (11th Cir. 2001))), *report and recommendation adopted,* 2010 WL 653691 (M.D. Ala. Feb. 17, 2010).

Further, "in addition to being second or successive," Anderson's petition is also "indisputably time-barred." *Guenther*, 173 F.3d at 1331. Because of this, and because nowhere in the pleadings he has filed in this matter does Anderson argue for equitable tolling, "[t]he undersigned recommends that this Court dismiss [Anderson's] present habeas petition due to his failure to comply with § 2244(b)(3)(A), rather than transfer same to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1631[.]" *Tedder v. Culliver*, CA No. 07-0046-BH-C, 2007 WL 2051194, at *2 (S.D. Ala. July 16, 2007) (citations omitted).

### III. <u>Certificate of Appealability</u>

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of

6

appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition/motion seeking leave to file a successive petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). Inasmuch as the instant petition/motion is unquestionably a successive pleading, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant motion, with prejudice, for want of jurisdiction or that Anderson should be allowed to proceed further. *See Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of

the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g., Brightwell v. Patterson*, No. CA 11–0165–WS–C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011) (the Eleventh Circuit (Hull, J.) subsequently denied the petitioner's motion for certificate of appealability on October 11, 2011 (*see* CA 11–0165–WS–C, Doc. 14)); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## IV. Conclusion

The Magistrate Judge **RECOMMENDS** that Michael Dewayne Anderson's motion seeking permission to file a successive petition for writ of habeas corpus (Doc. 2) be **DENIED**; that the successive habeas corpus petition (Doc. 1) be **DISMISSED with PREJUDICE** for lack of jurisdiction, due to Anderson's failure to comply with 28 U.S.C. § 2244(b)(3)(A); and that the Court find that he is not entitled to a certificate of appealability and is therefore not entitled to appeal *in forma pauperis*.

8

## V. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 5th day of August, 2013.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**